UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENE CHATAGNIER | * | CIVIL ACTION NO. 2:19-cv-635 |
|     Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| GROUP LONG TERM DISABILITY | * | MAGISTRATE JUDGE |
| PLAN FOR EMPLOYEES OF PBF | * | |
| ENERGY COMPANY LLC, PBF | * | |
| ENERGY COMPANY LLC, HARTFORD | * | |
| LIFE AND ACCIDENT INSURANCE | * | |
| COMPANY | * | |
|     Defendants | * | |

*************************************************************************

## COMPLAINT

*Introduction*

1. Plaintiff, Rene Chatagnier ("Mr. Chatagnier"), brings this complaint to recover funds owed to him under the Group Long Term Disability Plan for employees of PBF ENERGY COMPANY LLC (the "Plan") and to further assert, clarify, and enforce his rights relative to the Plan, consistent with the dictates of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. In 1994, Mr. Chatagnier was hired by ExxonMobil Oil Corporation ("Exxon") to work at the company's Chalmette Refinery in Chalmette, Louisiana. Mr. Chatagnier spent the next twenty-one plus (21+) years of his career with Exxon at its Chalmette operation. During that time, Mr. Chatagnier participated in various Exxon employment benefits, including continuous participation and coverage in/under Exxon's medical and disability insurance policies.

454561.89778

3. On or about November 1, 2015, PBF Energy Company, LLC ("PBF") purchased the Chalmette Refinery operation from ExxonMobil. As part of the closing of that transaction, various employees of ExxonMobil, including Mr. Chatagnier, applied for employment and were hired by PBF, based upon the employee benefits description that was outlined to them by the employment team consisting of both PBF and ExxonMobil representatives. Mr. Chatagnier served PBF as a maintenance supervisor.

4. As a consequence of Mr. Chatagnier's employment, PBF provided him with a benefit package that included medical, dental, vision, life, short term and long term disability coverages. The Plan was part of this benefit package.

5. Hartford Life and Accident Insurance Company ("Hartford") issued a group insurance policy, number GLT-402787 (the "Policy), to PBF. The Policy is incorporated into, and forms a part of, the Plan. The Policy generally provides long term disability insurance to eligible persons. At all times pertinent to this action, Mr. Chatagnier has been an eligible person under the Policy and the Plan.

6. On or about March 1, 2016, upon medical advice and in consultation with PBF personnel, Mr. Chatagnier completed his last day of work with PBF and filed for short term disability benefits. He was approved for those benefits. Mr. Chatagnier could not work due to complete atrioventricular block, obstructive sleep apnea, and pulmonary hypertension. Mr. Chatagnier was further certified to be disabled by the Social Security Administration. He receives Social Security Disability Benefits to this day.

7. On or about August 31, 2016, after the running of the "Elimination Period" under the Policy, Mr. Chatagnier was approved for long term disability benefits under the Plan's Policy by Hartford, the designated claims fiduciary for benefits under the Policy.

8. However, Hartford issued correspondence dated September 17, 2016, to Mr. Chatagnier advising his long term disability benefits under the Policy would be reduced from sixty-five percent (65%) of his pre-disability earnings to fifty percent (50%) of his pre-disability earnings because his disability constituted a pre-existing condition under the Policy. On or about October 31, 2016, Mr. Chatagnier properly appealed that reduction decision on the basis that his disability was not subject to the Policy's pre-existing condition limitation. Hartford upheld its decision regarding reduction by correspondence to Mr. Chatagnier dated December 8, 2016.

9. Then, by correspondence dated December 30, 2016, Hartford advised Mr. Chatagnier that none of his long term disability benefits would be payable beyond that date because he did not meet the Policy definition of disability beyond that date.

10. Consequently, within weeks of approving Mr. Chatagnier for long term disability benefits, Hartford inexplicably determined it should reduce those benefits, in violation of the Plan and the Policy. And within months of approving Mr. Chatagnier for long term disability benefits, Hartford improperly determined it should simply end those benefits altogether, in violation of the Plan and the Policy. Having exhausted his administrative remedies to correct these clear contractual violations, Mr. Chatagnier now seeks relief from this Honorable Court.

*Parties, Jurisdiction and Venue*

11. Plaintiff, Rene Chatagnier ("Mr. Chatagnier"), is a person of the lawful age of majority residing at all relevant times hereto in St. Tammany Parish, State of Louisiana, and working at relevant times hereto in St. Bernard Parish, State of Louisiana, both of which parishes are within the judicial district of this Honorable Court.

12. Made defendant herein is Group Long Term Disability Plan for employees of PBF ENERGY COMPANY LLC (the "Plan"), an employee benefit plan under ERISA capable of being sued thereunder consistent with 29 U.S.C. § 1132(d).

13. Made defendant herein is PBF Energy Company LLC ("PBF"), a Delaware limited liability company which, upon information and belief, is not registered to do business in Louisiana but which, at all times relevant hereto, has done business in St. Bernard Parish, State of Louisiana, which is within the judicial district of this Honorable Court.  PBF is the sponsor and administrator of the Plan.

14. Made defendant herein is Hartford Life and Accident Insurance Company ("Hartford"), a Connecticut corporation which, upon information and belief, is not registered to do business in Louisiana but which, at all times relevant hereto, has done business in St. Tammany Parish, State of Louisiana and St. Bernard Parish, State of Louisiana, both of which parishes are within the judicial district of this Honorable Court.

15. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e), (f) (ERISA jurisdiction).

16. Venue in this judicial district is proper because the Plan is administered within this judicial district and a breach under the Plan took place in this judicial district.  *See* 28 U.S.C. § 1132(e)(2).

*Count I*
*Recovery of Benefits Due Under the Plan, Enforcement of Rights Under the Terms of the Plan, and Clarification of Rights to Future Benefits Under the Plan*
*29 U.S.C. § 1132(a)(1)(B)*

17. Mr. Chatagnier incorporates herein by reference and re-alleges the allegations contained in the preceding paragraphs as if each were stated herein in its entirety.

18. Mr. Chatagnier submitted competent medical evidence, including medical records, to Hartford to establish that he was disabled under the Policy, which is part of the Plan. Harford accepted that evidence and deemed Mr. Chatagnier disabled under the terms of the Policy and entitled to full, long term disability benefits thereunder, effective August 31, 2016.

19. On or about September 17, 2016, without sufficient justification under the terms and standards of the Policy, Hartford, acting as the designee of PBF, reduced the benefits payable to Mr. Chatagnier under the Policy from sixty-five percent (65%) of his pre-disability earnings to fifty percent (50%) of his pre-disability earnings. This action violated the duty of Hartford and PBF to operate the Plan (of which the Policy forms a part) prudently and in the interest of Plan participants.

20. On or about December 30, 2016, without sufficient justification under the terms and standards of the Policy, Hartford, acting as the designee of PBF, resolved to end all further disability payments to Mr. Chatagnier under the Policy. This action also violated the duty of Hartford and PBF to operate the Plan (of which the Policy forms a part) prudently and in the interest of Plan participants.

21. The above-described violative actions were taken by Hartford, acting as the designee of PBF, despite the fact that Mr. Chatagnier was an eligible participant in the Plan's Policy.

22. The above-described violative actions were taken by Hartford, acting as the designee of PBF, despite the medical opinion of Mr. Chatagnier's long-time treating physician that he was indeed disabled and unable to perform one or more of the essential duties of any occupation.

454561.89778

23. The above-described violative actions were taken by Hartford, acting as the designee of PBF, despite the fact that it had just previously determined Mr. Chatagnier's was disabled and entitled to full benefits under the Plan's Policy.

24. The above-described violative actions were taken by Hartford, acting as the designee of PBF, despite Hartford not engaging a single qualified health professional to personally evaluate Mr. Chatagnier after its determination of disability.

25. The above-described violative actions were taken by Hartford, acting as the designee of PBF, despite the determination of the Social Security Administration that Mr. Chatagnier was and continued to be disabled.

26. The appeal process offered by Hartford, acting as designee of PBF, was a sham review of fatally flawed decisions. Mr. Chatagnier was not afforded the opportunity respond to the information and conclusions set forth by Hartford's reviewers, despite a legal right to do so. Further, as with the initial reduction and denial of benefits, none of Hartford's reviewers personally examined Mr. Chatagnier.

27. Additionally, Hartford reduced and ultimately denied benefits to Mr. Chatagnier under a conflict of interest. Hartford was granted absolute discretion under the Plan by PBF to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. However, Hartford was the insurer of the Policy, and therefore stood to lose money every time it paid a claim. Even more, all "outside" reviewers engaged by Hartford were actually part of a company, Exam Coordinators Network, which held itself out as the "business partner" of Hartford.

28. Thus, all reduction and denial decisions were upheld on appeal by Hartford, acting as the designee of PBF.

29. Despite attempts by Mr. Chatagnier to provide additional information to Hartford in an effort respond to its unjustified conclusions, including that Mr. Chatagnier was precluded from presenting additional medical evidence of his disability which was first discovered after the Hartford's claim denial on appeal, Hartford advised Mr. Chatagnier that all his administrative remedies were exhausted. Similarly, attempts by Mr. Chatagnier at resolution of this dispute through PBF, as administrator and sponsor of the Plan, were unavailing.

30. Hartford and PBF have acted without sufficient justification and in an arbitrary and capricious manner in reversing their own disability determination concerning Mr. Chatagnier, despite the fact that they had been given notarized affidavits from two of Mr. Chatagnier's cardiologists that Mr. Chatagnier is disabled as a result of his heart condition.

31. In light of the foregoing, Hartford, as a Plan fiduciary, PBF, as the Plan administrator and sponsor, and the Plan itself, are liable unto Mr. Chatagnier for the improper reduction and denial of full disability benefits under the Policy. Mr. Chatagnier requests: (i) a determination that he has been, since August 31, 2016, eligible for and entitled to full disability benefits under the Policy: (ii) recovery of full disability benefits under the Policy from the period they were first reduced through judgment; (iii) a determination that he is permanently disabled under the terms of the Policy and is entitled to continue to receive full disability benefits thereunder post-judgment through the maximum duration of benefits thereunder; and (iv) interest on all disability benefits due Mr. Chatagnier that were not timely paid under the Policy.

*Count II*
*Recovery for Equitable Relief*
*29 U.S.C. § 1132(a)(3)*

32. Mr. Chatagnier incorporates herein by reference and re-alleges the allegations contained in the preceding paragraphs as if each were stated herein in its entirety.

33. Hartford had a conflict of in administering and reviewing Mr. Chatagnier's claim for disability benefits, including interest in retaining Exam Coordinators Network as a medical consultant to review the initial denial of Mr. Chatagnier's claim for disability benefits and the appeal of the initial denial was not conducted by an independent claims reviewer in violation of the Hartford's and PBF's fiduciary duties under the Plan in violation of 29 U.S.C. § 1109.

34. Both the Hartford's and PBF's refusal to open the appeal process to consider medical evidence of Mr. Chatagnier's disability, which he first became aware of after the Hartford's denial on appeal of disability benefits constitutes a further breach of their fiduciary duties under 29 U.S.C. § 1109.

35. In light of the foregoing, the Hartford and PBF, as plan fiduciaries are not only liable for the recovery of full disability benefits, but for interest thereon and other equitable relief.

*Request for Attorney Fees and Costs*

36. In light of the violations of the Plan and the Policy described *supra*, Mr. Chatagnier is entitled to and further prays for an award against the Plan, PBF, and Hartford, of Mr. Chatagnier's reasonable attorney fees and costs in connection with this action, consistent with the attorney fee provisions of 29 U.S.C. § 1132(g). Mr. Chatagnier will provide evidence of such attorney fees and costs upon request of this Honorable Court.

*Prayer for Relief*

WHEREFORE, Mr. Chatagnier respectfully requests that, after due proceedings, this Court enter judgment:

(a) declaring that Mr. Chatagnier has been, since August 31, 2016, eligible for and entitled to full disability benefits under the Policy;

(b) awarding Mr. Chatagnier recovery, as against Hartford, PBF, and the Plan, of full disability benefits under the Policy from the period they were first reduced through judgment;

(c) declaring that Mr. Chatagnier is permanently disabled under the terms of the Policy and that he is entitled to full disability benefits thereunder post-judgment through the maximum duration of benefits thereunder;

(d) ordering Hartford, PBF and the Plan to pay interest on all disability benefits from the date such benefits should have been paid to the date of payment to Mr. Chatagnier and for such other equitable relief as the Court may determine;

(e) ordering Hartford, PBF, and the Plan, to pay Mr. Chatagnier's reasonable attorney fees and costs incurred in conjunction with this action; and

(f) granting all other relief reasonable in the premises which the Court may deem necessary and appropriate.

Respectfully submitted,

Hilton S. Bell (#02919) (T.A.)
MILLING BENSON WOODWARD L.L.P.
909 Poydras Street, Suite 2300
New Orleans, Louisiana 70112
Telephone:    504-569-7000
Facsimile:    504-569-7001
E-mail:  hbell@millinglaw.com

*/s/ Thomas S. Schneidau*
Thomas S. Schneidau (#33359)
MILLING BENSON WOODWARD L.L.P.
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:    985-871-3924
Facsimile:    985-871-6957
E-mail:tschneidau@millinglaw.com

*Counsel for Rene Chatagnier*

Page **9** of **9**

454561.89778